UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHELANGELO CALLAZO

Plaintiffs,

vs.

JAMES & TOMMY, INC, and
CONNIE INVESTMENTS, INC.

Defendant.

_________________________________/

**INJUNCTIVE RELIEF SOUGHT**

**COMPLAINT**

Plaintiff, MICHELANGELO CALLAZO ("Plaintiff"), by and through the undersigned counsel, hereby file this Complaint against Defendants, JAMES & TOMMY, INC. and CONNIE INVESTMENTS, INC.(hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).


SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

**PARTIES**

2. Plaintiff, MICHELANGELO CALLAZO is a resident of the State of Florida and this judicial district, is *sui juris*, is disabled as defined by the ADA, is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Defendant, James & Tommy, Inc.'s restaurant commonly known as Orchid Cafe ("the Facility") and Connie Investments, Inc.'s property 1100 S. Powerline Road, Pompano Beach, Florida and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

3. In December of 2011, Plaintiff visited the Facility and Property as a customer, purchased food, entered the Facility and Property, and attempted to utilize the restroom facilities.

4. Plaintiff intends to visit the Facility and Property within six months to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Facility and Property. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility


SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

and Property within the next six months as soon as the Facility and Property are accessible again.

5. Plaintiff is a self-proclaimed advocate for the rights of the disabled and has made it his personal mission to enforce Title III of the ADA by personally testing facilities for compliance, and once a facility is found that is not compliant with the ADA, he intends to revisit the facility until the facility makes the required modifications so as to become compliant with Title III of the ADA. As a self-proclaimed advocate, Plaintiff's purpose is to, among other things, represent the interests of other persons with disabilities by assuring that places of public accommodation are accessible to and usable by individuals with disabilities.

6. In this instance, Plaintiff travelled to the Facility and Property as a customer and tester, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

7. Defendant, James & Tommy, Inc. is a Florida Corporation, and transacts business in the State of Florida and within this judicial district. It operates the restaurant located at 1182 S. Powerline Road, Pompano Beach, Florida referred to in the Complaint as the Facility. James & Tommy, Inc. is the lesee, sub-lesee, lessor and/or operator of the real property and improvements which are the subject of this action.


SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

8. Defendant, Connie Investments, Inc. is a Florida Corporation that owns and/or operates the building/property at 1100 S. Powerline Road, Pompano Beach, Florida is situated. Connie Investments, Inc. is the owners and/or operators of the real property and improvements which the Facility is situated in and is the subject of this action. (referred in this Complaint as the "Property")

**<u>FACTUAL ALLEGATIONS AND CLAIM</u>**

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.*

10. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service,



SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

12. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

13. The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.


SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

15. The Facility must be, but is not, in compliance with the ADA and ADAAG. The Property must be, but is not, in compliance with the ADA and ADAAG.

16. Plaintiff has attempted to and has, to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist


SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18. Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

19. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**ACCESSIBLE ELEMENTS**


SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

a. There is not a continuous path of travel connecting all essential elements of the Facility in violation of sections 4.3.1 and 4.3.2 of the ADAAG.

b. There are access routes in the Facility with insufficient clear widths in violation of section 4.3.3 of the ADAAG.

c. Counters where financial transactions occur in the Facility are in excess of 36 inches in height in violation of section 7.2(1) of the ADAAG.

**PARKING LOT**

a. The access route from the disabled parking space in the property to the accessible entrances of the units of the property have vertical rises in excess of ¼ inch and lack appropriate beveling at 1:2 slope in violation of section 4.5.2 of the ADAAG.

b. The property lacks the requisite number of van accessible disabled parking spaces in violation of section 4.1.2(5)(b) of the ADAAG.

c. The ramps leading from the disabled parking spaces to the entry of the Facility are not flush with the leveled surface at the top of the ramp and have vertical rises in excess of ¼ inch in violation of section 4.8 of the ADAAG.

d. The ramps leading from the disabled parking spaces to the entry of the Facility has a slope in excess of 1:12 in violation of section 4.8 of the ADAAG.



SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

e. The disabled parking spaces on the property are not on an accessible route in violation of section 4.6 of the ADAAG.

f. There is an insufficient number of disabled parking spaces given the total number of parking spaces in the parking lot.

**RESTROOMS**

a. The height of the toilet is below the minimum allowable height in violation of ADAAG 4.16.3.

b. Restrooms lack sufficient clear floor space to permit turns by persons using wheelchairs. See ADAAG 4.13.5 and/or 4.13.6

c. There are vertical rises in excess of ¼ inch in the restrooms in violation of section 4.5.2 of the ADAAG.

d. The grab bars adjacent to the commode are not incompliance with the ADAAG. See ADAAG 4.16.4 and/or 4.26.

e. The lavatories lack adequate clear floor space in violation of section 4.19.3 of the ADAAG.

f. Dispensers in the restrooms are located outside the prescribed reach ranges set forth in 4.2.5 and 4.27.3 of the ADAAG.

g. The door knobs providing access to the restrooms require twisting and pinching of the wrist in violation of section 4.13.9 of the ADAAG.

h. The size and arrangement of toilets are in violation of ADAAG Figure 28.

i. The urinal exceeds the maximum height set forth in section 4.18 of the ADAAG.


SCHAPIRO LAW GROUP, P.L
7050 W. Palmetto Park Road, Suite 15-271 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

j. Signs which designate disabled restroom facilities are not properly marked to comply with ADAAG 4.30.4, 4.30.5, and 4.30.6.

k. The door to the restroom lacks an adequate minimum clear opening of 32 inches in violation of ADAAG 4.13.5.

l. Pipes under lavatories are not insulated in violation of ADAAG 4.19.4.

m. The mirrors in the bathrooms exceed the maximum height permitted by Section 4.19.6 the ADAAG.

20. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA. All of the above violations are readily achievable.

21. Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

22. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished

and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

23. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein.

24. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117.

25. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 4th day of January, 2012.

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Fla. Bar #54538
The Schapiro Law Group, P.L
Attorney for Plaintiff
7050 W. Palmetto Park Road
Suite 15-271
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com